**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Gordmans Stores, Inc., et al.[1], ) | |
| ) | Case No. 17-80304 (TLS) |
| Post-Effective Date Debtors ) | (Jointly Administered) |
| ) | |
| ) | |
| META Advisors LLC on behalf of G-Estate ) | |
| Management Company, Inc. (f/k/a Gordmans ) | |
| Management Company, Inc.), ) | |
| ) | |
| Plaintiff, ) | Adv. Pro. No. _____ |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Interbake Foods LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND**
**TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

META Advisors LLC (the "Plaintiff" or "Plan Administrator"), on behalf of G-Estate Management Company, Inc. f/k/a Gordmans Management Company, Inc. (the "Debtor"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential transfers against Interbake Foods LLC (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff hereby alleges upon information and

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: G-Estate Liquidation Stores, Inc., formerly known as Gordmans Stores, Inc. (1987); G-Estate Liquidation, Inc., formerly known as Gordmans, Inc. (1211); G-Estate Management Company, Inc., formerly known as Gordmans Management Company, Inc. (5281); G-Estate Distribution Company, Inc., formerly known as Gordmans Distribution Company, Inc. (5421); G-Estate Intermediate Holdings Corp., formerly known as Gordmans Intermediate Holdings Corp. (9938); and G-Estate Liquidation, LLC, formerly known as Gordmans LLC (1987). (collectively, before the Plan Effective Date (defined herein), the "Debtors").

belief that:

## NATURE OF THE CASE

1.	This action is commenced pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential transfers of property made by the Debtors that occurred during the ninety (90) day period prior to the commencement of the Bankruptcy Cases (defined herein).

2.	In addition, Plaintiff seeks to disallow pursuant to sections 502(d) and 502(j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.	This Court has jurisdiction of this adversary proceeding (the "Adversary Proceeding") which arises under title 11 and arises in and relates to cases under title 11 pending in the United States Bankruptcy Court for the District of Nebraska (the "Court") captioned *In re Gordmans Stores, Inc,* Case No. 17–80304 (TLS) (the "Bankruptcy Cases"), pursuant to 28 U.S.C. §§ 157 and 1334(b) and Article XI of the Plan (as defined below).

4.	This Adversary Proceeding is a core proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

5.	Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

## PROCEDURAL BACKGROUND

7. On March 13, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court, which are jointly administered under Case No. 17-80304.

8. On October 18, 2017, this Court entered the *Order (I) Approving the Adequacy of Disclosure Statement for the Debtors' Joint Plan of Liquidation and (II) Confirming Debtors' Modified Joint Chapter 11 Plan* [Docket No. 1036] (the "Confirmation Order"), which, among other things confirmed the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").[2]

9. The effective date of the Plan occurred on November 15, 2017 [Docket No. 1057] (the "Plan Effective Date"). Pursuant to the Plan, the Plan Administrator was appointed on the Plan Effective Date.

10. Pursuant to the Confirmation Order and Plan, the Plan Administrator was granted requisite standing and authority to prosecute, pursue, administer, settle, litigate, enforce and liquidate causes of action, including actions under chapter 5 of Bankruptcy Code to recover payments made to the Debtors' creditors prior to the Petition Date, and the Debtors expressly reserved the right to pursue the same.

11. Pursuant to Article III of the Plan, General Unsecured Claims comprise an impaired class of creditors and will not be paid in full.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

3

## PARTIES

12. Pursuant to the Plan, Plaintiff is authorized to prosecute and resolve the Causes of Action and Avoidance Actions (as defined in the Plan). The Debtor is a corporation formed under the laws of Delaware.

13. Upon information and belief, Defendant is a corporation formed under the laws of Delaware and maintains a principal place of business at 3851 Westerre Parkway, Suite 200, Richmond, Virginia 23233.

## FACTUAL BACKGROUND

14. Prior to the Petition Date, in the ordinary course of business, the Debtors operated in the retail industry as a moderately-priced promotional department store concept that provided their customers with apparel, home goods, and other merchandise. The Debtors operated over 100 stores in 22 states in a variety of shopping center formats, including shopping malls and lifestyle centers, in addition to operating an e-commerce site.

15. During the ninety (90) day period prior to the Petition Date (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

16. Defendant conducted business with one or more of the Debtors during the Preference Period.

17. During the course of their business relationship, the Defendant and one or more of the Debtors, engaged in transactions, which are evidenced by purchase orders, invoices, communications and/or other documents (collectively, the "Agreements"). Pursuant to the

Agreements, the Debtor, as identified on Exhibit A, would pay Defendant for such goods and/or services.

18. The Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of Defendant during the Preference Period through payments under the Agreements aggregating an amount not less than $18,654 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

19. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. Plaintiff intends to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## COUNT I
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

20. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

21. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period the Debtor made the Transfers to or for the benefit of Defendant in an aggregate amount of not less than $18,654.

22. Each of the Transfers to Defendant was a transfer of property of the Debtor.

23. Each of the Transfers was made to or for the benefit of Defendant.

24. Defendant was a creditor of one or more of the Debtors, within the meaning of 11 U.S.C. § 101(10), at the time each of the Transfers was made or, alternatively, received the Transfers for the benefit of a creditor or creditors of one or more of the Debtors.

25. Each of the Transfers to Defendant was made on account of an antecedent debt owed by one or more of the Debtors to Defendant before the Transfer was made.

26. Each of the Transfers was made while the Debtor was insolvent. The Debtor is presumed to be insolvent during the ninety (90) days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

27. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Bankruptcy Cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Schedules, the Proofs of Claim, and the impaired treatment afforded General Unsecured Claims, Debtors' liabilities exceed their assets to the point that general unsecured creditors will not receive a full payment of their claims from the Debtors' bankruptcy estate.

28. As of the date hereof, Defendant has not returned any of the Transfers to the Debtor.

29. Plaintiff is entitled to an order and judgment pursuant to 11 U.S.C. § 547 that avoids the Transfers.

## COUNT II
**(Recovery of Property – 11 U.S.C. § 550)**

30. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

31. Based on the foregoing facts, Plaintiff is entitled to avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code.

32. Defendant is either (a) the initial transferee of the Transfers or the entity for whose benefit the Transfer were made, or (b) an immediate or mediate transferee of the initial transferee.

33. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant each Transfer or the amount thereof, plus interest thereon from the date of payment, as well as costs of this action.

## COUNT III
### (Disallowance of Claims – 11 U.S.C. § 502)

34. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

35. Defendant is a transferee of Transfers avoidable pursuant to section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

36. Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under section 550 of the Bankruptcy Code.

37. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtors must be disallowed until such time as Defendant pays Plaintiff the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

38. Pursuant to 11 U.S.C. § 502(j), any and all previously allowed claims of Defendant against the Debtors, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

a)   On Count I, for a determination that each of the Transfers is avoidable as a preferential transfer under section 547 of the Bankruptcy Code;

b)   On Count II, for a determination that Plaintiff is entitled to recover the Transfers in the total amount of $18,654 under section 550 of the Bankruptcy Code, thereby avoiding the Transfers;

c)   On Count III, for disallowance of any claim filed by Defendant against any of the Debtors until Defendant returns the Transfers to Plaintiff pursuant to section 502 of the Bankruptcy Code;

d)   Awarding costs of suit incurred herein, including, without limitation, attorneys' fees to the extent allowed by applicable law;

e)   Awarding pre and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

f)   Granting Plaintiff such other and further relief as the Court may deem just and proper.

[*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*]

Dated: September 19, 2018            Respectfully submitted,

*/s/ Douglas L. Lutz*
Douglas L. Lutz, Esq. (admitted pro hac vice)
Ohio Bar No. 0064761
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800 Telephone
513-651-6981 Facsimile
dlutz@fbtlaw.com

Olivia K. Snider, Esq.
**FROST BROWN TODD LLC**
400 W. Market Street 32nd Floor
Louisville, KY 40202-3363
502-589-5400 Telephone
502-581-1087 Facsimile
osnider@fbtlaw.com

-and-

Brian J. Koenig, #23807
**KOLEY JESSEN P.C., L.L.O.**
1125 South 103rd Street, Suite 800
Omaha, NE 68124
402-390-9500 Telephone
402-390-9005 Facsimile
Brian.Koenig@koleyjessen.com

*Counsel to the Plan Administrator and*
*G-Estate Management Company, Inc.*
*f/k/a Gordmans Management Company, Inc.*

0137551.0660054   4838-3812-9776v1